UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIERRA CLUB,
        Plaintiff,

No. 1:08-cv-1183

-v-

HONORABLE PAUL L. MALONEY

CITY OF HOLLAND, MICHIGAN, AND
HOLLAND BOARD OF PUBLIC WORKS,
        Defendants.

OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Defendants City of Holland and Holland Board of Public Works filed a motion to dismiss (Dkt. No. 19) the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In the alternative, Defendants request the court order Plaintiff to file a more definitive statement pursuant to Rule 12(e). Plaintiff Sierra Club filed a response. (Dkt. No. 22.) Defendants filed a reply. (Dkt. No. 23.)

ANALYSIS

Plaintiff Sierra Club (Plaintiff) sued Defendants City of Holland and the Holland Board of Public Works (Defendants) for violations of the Clean Air Act and violations of the implementation plan developed by the State of Michigan. The Federal Rules of Civil Procedure require a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court recently modified the standard for pleading requirements and retired the "no-set-of-facts" standard set forth in *Conley v.*

---

[1] The court has not considered the exhibits attached to Defendants' brief. Generally, the exhibits are unrelated to the issues presented in the motion and provide only context for the action, which is unnecessary to the legal questions presented in the motion.

*Gibson*, 355 U.S. 41 (1957). *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 544, 562-63 (2007); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009); *see Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Under the new standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2008) (quoting *Bell Atlantic*, 550 U.S. at 570). The Court explained what this new "plausibility" standard requires.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Bell Atlantic*) (citations omitted). The *Iqbal* opinion identified two "working principles" in the *Bell Atlantic* decision: (1) when reviewing a complaint subject to a motion to dismiss, courts must accept as true all factual allegations, but not legal conclusions; and (2) the court must determine whether the complaint states a plausible claim for relief. *Id.* at 1949-50. The Court offered some guidance for trial courts.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

In the amended complaint, Plaintiff offered a number of legal and factual assertions. Defendants own and are responsible for operating the De Young Plant (the Plant), a coal and natural gas fired power plant. (Compl. ¶¶ 3 and 19.) The Plant is located in Holland, Michigan, in Ottawa

2

County. (*Id.* ¶ 27.) The Plant meets the definition of a "major emitting facility," as that term is defined in the Clean Air Act, and is a source of "hazardous air pollutants." (Compl. ¶¶ 28-30.) Defendants have undertaken modifications of the Plant. (*Id.* ¶¶ 4-5, 65.) The crux of the amended complaint rests on the modifications allegedly made to the Plant. In paragraphs 4 and 5 of the amended complaint, Plaintiff asserts

> 4. On numerous occasions, Defendants modified and thereafter operated the generating units at the De Young Plant: (i) without first applying for and/or obtaining appropriate permits authorizing the modification and operation; (ii) without meeting required emission limits including "best available control technology"; (iii) without meeting "lowest achievable emission rates" for nitrogen oxides; (iv) without installing appropriate technology to control emissions of nitrogen oxides, sulfur dioxides, particulate matter, and other pollutants; and (v) without accurately reporting the facility's compliance status with its Renewable Operating Permit as required by the [Clean Air] Act, its implementing regulations, and the Michigan State Implementation Plan.
> 5. As a result of the Defendants' operation of the De Young Plant following those major unlawful modifications, and in the absence of appropriate controls, unlawful amounts of various pollutants have been, and continue to be, released into the atmosphere, aggravating air pollution locally and far downwind of the plant.

(Compl. ¶¶ 4-5.) Standing alone, these statements are the sort of "threadbare recitals" or "conclusory allegations" that fail to establish a facial plausibility sufficient to withstand a motion to dismiss. *See Iqbal*, 129 S.Ct. at 1949. The amended complaint, however, does not rest on these "naked assertions," rather the amended complaint provides "further factual enhancement[s]." *See Bell Atlantic*, 550 U.S. at 557. In paragraph 65, Plaintiff alleges

> 65. Beginning no later than 1988 and continuing at various times thereafter up to at least 2007, Defendants commenced construction of one or more major modifications, as defined in the [Clean Air] Act, at the De Young Plant. These modifications included one or more physical changes or changes in the method of operation at each of the three generating units, including work involving various replacements or renovations of major components of the boilers, turbines, and associated equipment. The physical changes included, but were not limited to, replacing generator and economizer tubes at Unit 5, replacing waterwall tubes, elements of the superheater and rebuilding the precipitator at Unit 4; and replacing condenser tubes, superheater

3

> and rebuilding the pulverizer at Unit 3. These and other physical changes or changes in the method of operation resulted in significant net emission increases, as defined by 40 C.F.R. § 52.21(b)(3)(i), of one or more of the following: nitrogen oxides, sulfur dioxide, carbon monoxide, and/or particulate matter.

(Compl. ¶ 65.)

Defendants insist the complaint in general, and paragraph 65 in particular, fails to provide the level of factual detail required to survive a motion to dismiss. Defendants correctly point out the complaint does not include (1) what work constituted a modification, (2) why the work constituted a modification, (3) how many modifications occurred, (4) when the modifications occurred, (5) why the modifications were considered major for the relevant statutory and regulatory provisions, (6) which pollutants were released in a net increase in emissions, and (7) by what amount the pollutants increased as a result of the modifications. (Def. Br. 3.)

The complaint provides sufficient factual allegations to survive Defendants' motion to dismiss. The factual allegations contained in paragraph 65, combined with other facts asserted earlier in the complaint, state a plausible claim for relief. In paragraph 65, Plaintiffs identified specific modifications to generators 3, 4 and 5 and assert that those modifications caused a significant net increase in emissions of at least one of four regulated gasses or pollutants. Those facts, taken as true, state a plausible, not just possible, claim upon which relief may be granted. Rule 8(a)(2) does not require the sort of "detailed factual allegations" asserted by Defendants. Were this court to accept Defendants interpretation of the new standard, based on the facts Defendants assert were omitted, a plaintiff would be obligated to prove its claims in the complaint, rather than simply giving the defendants notice of them.

Turning to the alternative portion of the motion, Defendants object to Plaintiff's use of open-ended and ambiguous language. (Def. Br. 6, 9, 10.) Defendants correctly point out that Plaintiff

strategically employs phrases like "one or more," "at least," and "not limited to" in the complaint. Defendants reason the broad and ambiguous language in the amended complaint provides them no fair notice of Plaintiff's claims and serves only to create the ground for a fishing expedition in discovery. Defendants identify seven paragraphs in the amended complaint and request the court order Plaintiff to provide a more definite statement describing the allegations in each of those paragraphs in more detail.

Under Rule 12(e), a party may move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The notice pleading standard contained in FED. R. CIV. P. 8 "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* at 512. District courts throughout this circuit have repeatedly held that a motion for a more definite statement is "designed to strike at unintelligibility rather than simple want of detail." *Fed. Ins. Co. v. Webne*, 513 F.Supp.2d 921, 924 (N.D. Ohio 2007) (quoting *Schwable v. Coates*, No. 3:05-cv-2710, 2005 WL 2002360, at * 1 (N.D. Ohio Aug. 18, 2005)); *see e.g., EEOC v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009) ("A motion under Rule 12(e) should not be granted unless the complaint is 'so excessively vague and ambiguous as to be unintelligible'" (quoting *Shirk v. Fifth Third Bancorp*, No. 05-cv-49, 2008 WL 4449024, at * 8 (S.D. Ohio Sept. 26, 2008)); *Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2009 WL 1447670, at * 1 (E.D. Mich. May 22, 2009) ("Rule 12(e) is not designed to 'provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery'" (quoting *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F.Supp.2d 729, 737 (D.N.J. 2008)); *In re Trading Partners Inc. Investor Litigation*, MDL Dkt. No. 1846, 2008 WL

4372822, at * 1 (W.D. Mich. Sept. 19, 2008) (quoting *Webne*). "Any evidentiary detail a defendant may require is more properly the subject of discovery." *Compuware Corp. v. IBM*, 259 F.Supp.2d 597, 600-601 (E.D. Mich. 2002) (citing *Communities for Equity v. Michigan High Sch. Althletic Assoc.*, 26 F.Supp.2d 1001, 1009 (W.D. Mich. 1998)).

The complaint provides sufficient factual detail to give Defendants fair notice of the claims against them. The complaint identifies modifications of each of the three generators and identifies four regulated gasses or pollutants that may have increased as a result. Defendants' summary of the claims in the amended complaint belies their assertion that the complaint is too ambiguous to provide fair warning. Defendants accurately summarize each of the claims against them, indicating they readily understand the claims brought against them. (Def. Br. 2.) Defendants further understand that the "common factual predicate necessary to support all of those claims is that Holland modified the De Young Plant without obtaining a necessary preconstruction permit." (*Id.*) Defendants' concerns about the inclusive, rather than exclusive, language in the complaint is not properly the subject of a motion for a more definitive statement. Defendants' desire for more particularized facts are the sort of disputes to be ferreted out during discovery and summary judgment motions. As explained by the Supreme Court, "'[t]he provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court.'" *Swierkiewicz*, 534 U.S. at 512-13 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990)).

CONCLUSION

For these reasons, Defendants' motion is DENIED. The amended complaint provides sufficient factual details to raise a plausible claim to which it would be entitled to relief. The amended complaint provides sufficient factual details to give Defendants fair notice of the claims against them.

ORDER

Consistent with the accompanying opinion, Defendants' motion to dismiss (Dkt. No. 19) and the alternative motion for a more definitive statement is **DENIED.  IT IS SO ORDERED.**

Date:   March 4, 2010                             /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge