**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

SIERRA CLUB,

Plaintiff,

vs.

CITY OF HOLLAND, MICHIGAN and HOLLAND BOARD OF PUBLIC WORKS

Defendants.

**Civil Action No. 1:08-cv-1183**
Paul L. Maloney
Chief U.S. District Judge

---

**JOINT STATUS REPORT**

---

A telephonic Rule 16 Scheduling Conference is scheduled for Monday, April 19, 2010 at 10:30 a.m., before the Honorable Joseph G. Scoville. Appearing for the parties as counsel are attorneys Lester A. Pines and Kira E. Loehr of Cullen Weston Pines & Bach LLP and David C. Bender of McGillivray Westerberg & Bender LLC, participating on behalf of the Plaintiff, Sierra Club, and attorneys Cary R. Perlman and Karl A. Karg of Latham & Watkins LLP and Charles Denton of Barnes & Thornburg LLP participating on behalf of Defendants, City of Holland, Michigan and Holland Board of Public Works.

1. Jurisdiction: This Court has subject matter jurisdiction over the claims in the Amended Complaint pursuant to 42 U.S.C. § 7604, 28 U.S.C. §§ 1331, 1355, and 2201.

Defendants object that some or all of plaintiff's claims were asserted without proper notice; therefore, this Court lacks jurisdiction over such claims.

2. Jury or Non-jury: This case is to be tried by the court as a trier of law and fact.

3. Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. Geographic Transfer: The parties are advised of the possibility pursuant to W.D. Mich. LCivR 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses. Reassignment of the action shall be at the discretion of the court and shall require the consent of all parties and of both the transferor and transferee judge. The parties shall advise whether a transfer for geographic convenience is warranted in this case.

No transfer for geographic convenience is necessary in this case.

5. Statement of the Case: This case involves claims brought by the Sierra Club under the Clean Air Act. Specifically, Sierra Club asserts that the defendants made major modifications to the coal-fired generating units at the James De Young Generation Station (the "Plant") and thereafter operated the units (i) without first applying for and/or obtaining appropriate permits authorizing the modification and operation; (ii) without meeting required emission limits including "best available control technology"; (iii) without meeting "lowest achievable emission rates" for nitrogen oxides; (iv) without installing appropriate technology to control emissions of nitrogen oxides, sulfur dioxides, particulate matter, and other pollutants; and (v) without accurately reporting the facility's compliance status with its Renewable Operating Permit as required by the Act, its implementing regulations, and the Michigan State Implementation Plan.

The defendants assert that they did not make any major modifications at the Plant because routine maintenance, repair and replacement is not a "physical change" and/or because any "physical change" did not result in a "significant emissions increase." Therefore, the emissions limits plaintiff relies upon do not apply. Further, defendants assert that most or all of the remedies plaintiff seeks are barred by the statute of limitations.

The factual issues are: (i) whether the defendants made any physical changes or changes in the method of operation at the Plant other than routine maintenance, repair and replacement; (ii) whether any such physical changes or changes in the method of operation resulted in a significant net emissions increase of one or more regulated pollutants; (iii) whether defendants complied with emission limitations applicable to plants that have undergone qualifying major modifications; and (iv) whether defendants inaccurately reported compliance with applicable regulations and permits. In addition to the factual issues identified above, the legal issues are: (i) what test should be used to determine whether a significant net increase in emissions occurred as a result of any qualifying physical change; (ii) which test should be used to determine whether plaintiff's claims are barred by the statue of limitations; and (iii) who has the burden of proof with respect to whether a project was routine maintenance, repair and replacement.

6. Pendent State Claims: This case does not include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings without leave of court by July 1, 2010.

8. Disclosures and Exchanges: Other than with respect to Rule 26(a)(1) disclosures, the parties are unable to agree on a proposed schedule for Disclosures and Exchanges at this time. Each party's proposed schedule follows.

Plaintiff's Proposed Schedule:

(i) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the court orders otherwise. The parties jointly propose the following schedule for Rule 26(a)(1) disclosures: plaintiff's and defendants' Rule 26(a)(1) disclosures are due May 28, 2010.

(ii) Plaintiff proposes that the party bearing the burden of proof will furnish the names of such party's expert witnesses by August 13, 2010. The party without the burden of proof will furnish the names of that party's expert witnesses by September 10, 2010. If a motion to determine which party bears the burden of proof on one or more issues is pending, the deadline for naming an expert witness with respect to those issues shall be extended to 60 days following the issuance of a decision by the court.

(iii) The parties may exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Plaintiff proposes that reports should be exchanged according to the following schedule: August 13, 2010 for the party with the burden of proof and September 10, 2010 for the party who does not have the burden of proof. If a motion to determine which party bears the burden of proof on one or more issues is pending, the deadline for exchanging expert witness reports with respect to those issues shall be extended to 60 days following the issuance of a decision by the court.

      (iv) The parties are unable to agree on voluntary production at this time.

Defendants' Proposed Schedule: Defendants propose the following schedule based on the assumption that, in light of the request for information sent by the United States Environmental Protection Agency ("EPA") on April 15, 2009 this case will proceed simultaneously with EPA's investigation of the same issues raised by Plaintiff. Defendants advise the Court that they may file motions related to the propriety of proceeding with discovery in this case pending the termination of EPA's investigation.

(i) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the court orders otherwise. The parties jointly propose the following schedule for Rule 26(a)(1) disclosures: plaintiff's and defendants' Rule 26(a)(1) disclosures are due May 28, 2010.

(ii) Defendants propose that the party bearing the burden of proof furnish the names of such party's expert witnesses by January 13, 2011. Defendants propose that the party without the burden of proof furnish the names of that party's expert witnesses by February 10, 2011. The parties agree that if a motion to determine which party bears the burden of proof on one or more issues is pending, the deadline for naming an expert witness with respect to those issues shall be extended to 60 days following the issuance of a decision by the court.

(iii) The parties will exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Defendants propose that reports should be exchanged according to the following schedule: January 13, 2011 for the party with the burden of proof and February 10, 2011 for the party who does not have the burden of proof. If a motion to determine which party bears the burden of proof on one or more issues is pending, the deadline for exchanging expert

witness reports with respect to those issues shall be extended to 60 days following the issuance of a decision by the court. Defendants propose that expert depositions will be completed by March 15, 2011.

(iv) The parties are unable to agree on voluntary production at this time.

9. Discovery: The parties are unable to agree on a proposed schedule for fact discovery at this time. Each party's proposed schedule follows.

Plaintiff's Proposed Schedule: Plaintiff believes that all fact discovery proceedings can be completed by November 1, 2010, and that fact discovery should continue after expert reports are exchanged.

Defendants' Proposed Schedule: Defendants believe that all fact discovery proceedings can be completed by December 1, 2010, and, in any event, that fact discovery must close before expert reports are exchanged.

The parties jointly recommend the following discovery plan:

Discovery will be needed on the nature and extent of the physical changes made at the plant and the pollutants emitted from the plant. Discovery will be needed to determine whether plaintiff has standing. Discovery need not be conducted in phases. If a dispositive motion is filed, the parties will confer and attempt to come to agreement regarding whether or not discovery may proceed while the dispositive motion is pending. If the parties cannot agree, the parties will seek a ruling from the magistrate judge on this issue.

10. Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information. The parties agree to produce any otherwise responsive electronically stored information in original unlocked format (i.e., native

format). The parties further agree that at this time it appears little or no responsive, non-privileged electronically-stored information exists. Therefore, no steps beyond "typical" hold notices in place for all parties shall be required.

11. Assertion of Claims of Privilege or Work-Product Immunity After Production:

The parties agree to return items covered by claims of privilege or work product immunity to the inadvertently producing party within 48 hours of notification by the inadvertently producing party. Such inadvertent disclosure shall not constitute a waiver and shall not prejudice the returning party in any attempt to compel discovery of those items, following initial return of them to the producing party, based on any available argument that claims of privilege were incorrect or unsupportable.

12. Motions: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

Plaintiff – Motion(s) for Summary Judgment. Such motions will likely be staggered because a ruling on the applicable legal test in one motion will affect the contents and basis of subsequent motions.

Defendants – Motions for Summary Judgment. Motion(s) for Judgment on the Pleadings.

The parties anticipate that all dispositive motions will be filed within thirty (30) calendar days after the close of fact discovery.

13.	Alternative Dispute Resolution:	The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff - Voluntary Facilitative Mediation or Settlement Conference.  Some discovery will be necessary.  Preferred time for conducting ADR is end of June, 2010.

Defendants – Agree.

14.	Length of Trial:	Counsel estimate the trial will last approximately 6 days total, allocated as follows:  3 days for plaintiff's case, 3 days for defendants' case, 0 days for other parties.

15.	Prospects of Settlement:	The status of settlement negotiations is:

Not yet begun.

16.	Other:	The parties are negotiating language for a confidentiality agreement and expect to have that tendered shortly.

										CULLEN WESTON PINES & BACH LLP

Dated: 4-13-10				 / s /  Lester A. Pines                                   .
									Lester A. Pines
									Wisconsin State Bar No. 1016543
									122 West Washington Avenue, Suite 900
									Madison, WI 53703
									Telephone: (608) 251-0101
									Facsimile:   (608) 251-2883
									pines@cwpb.com

Dated: 4-13-10				 / s /  Kira E. Loehr                                   .
									Kira E. Loehr
									Wisconsin State Bar No. 1042899
									122 West Washington Avenue, Suite 900
									Madison, WI 53703
									Telephone: (608) 251-0101
									Facsimile:   (608) 251-2883
									loehr@cwpb.com

MCGILLIVRAY WESTERBERG & BENDER LLC

Dated: 4-13-10

/ s / David C. Bender .

David C. Bender
Wisconsin State Bar No. 1046102
305 S. Paterson Street
Madison, WI 53703
Telephone: (608) 310-3560
Facsimile: (608) 310-3561
bender@mwbattorneys.com

Dated: 4-13-10

/ s / Christa Westerberg .

Christa Westerberg
Wisconsin State Bar No. 1040530
305 S. Paterson Street
Madison, WI 53703
Telephone: (608) 310-3560
Facsimile: (608) 310-3561
westerberg@mwbattorneys.com

*Attorneys for the Plaintiff Sierra Club*

BARNES & THORNBURG LLP

Dated: 4-13-10

/ s / Charles M. Denton .

Charles M. Denton
Atty. # P33269
171 Monroe Avenue NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3974
charles.denton@btlaw.com

LATHAM & WATKINS LLP

Dated: 4-13-10

/ s / Cary R. Perlman .

Cary R. Perlman
233 South Wacker Drive, Ste. 5800
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
cary.perlman@lw.com

Dated: 4-13-10

/ s / Karl A. Karg .
Karl A. Karg
233 South Wacker Drive, Ste. 5800
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Karl.karg@lw.com

*Attorneys for the Defendants City of Holland, Michigan and Holland Board of Public Works*