IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-1183 |
| ) | Paul L. Maloney |
| CITY OF HOLLAND, MICHIGAN, and ) | Chief U.S. District Judge |
| HOLLAND BOARD OF PUBLIC WORKS ) | |
| ) | |
| Defendants. ) | |

DECLARATION OF DAVID G. KOSTER IN SUPPORT OF
HOLLAND'S MOTION FOR TOTAL SUMMARY JUDGMENT AS TO ALL PSD CLAIMS

I, David G. Koster, declare as follows:

1. I am the Director of Operations for the Holland Board of Public Works ("HBPW"). I have worked at the HBPW since 1989, and in a full-time capacity since 1991. I have held the position of Director of Operations since 2007, and my job responsibilities include day-to-day and long-term management of all production facilities, including electricity production facilities such as the James De Young Power Plant (the "De Young Plant"), wastewater treatment facilities, and water supply facilities. Prior to serving as the Director of Operations, I served as the Director of Power Resources from 1999 through 2007, in which position I was responsible for all electricity production facilities. Before serving as the Director of Power Resources, from 1995 through 1999, I served as the Production Engineering Supervisor, in which capacity I was responsible for the day-to-day maintenance of various electrical instrumentation and controls and for some complex projects for all electricity production facilities. From 1991 through 1995, I served as the Power Supply Engineer and was responsible for wholesale energy transactions and efficiency testing for electricity production facilities. Since the Sierra Club filed its lawsuit in December 2008, I have been the HBPW employee primarily responsible for investigating factual allegations and responding to discovery requests. The information contained herein is based on my personal knowledge, personal review of HBPW documents, and personal review of certain documents/information gathered at my direction by others, and if called and sworn as a witness, I can and will testify competently thereto.

2. The De Young Plant consists of three boilers and many other things that are not the boilers and are not emission units, including condensers.

3. A condenser is not a part of the boiler, and instead is a piece of equipment that converts steam earlier produced by the boiler into water after the steam is utilized by the steam turbine.

4. The 1993 replacement of condenser tubes at Unit 3 did not change the method of operation of Unit 3, because the boiler continued to operate in the same way after the condenser tubes were replaced as before the tubes were replaced.

5. The 2000 replacement of condenser tubes at Unit 5 did not change the method of operation of Unit 5, because the boiler continued to operate in the same way after the condenser tubes were replaced as before the tubes were replaced.

6. The condenser tube replacements at the De Young Plant did not increase the boilers' capacity, capability, or efficiency. The condenser tube replacements also did not improve fuel flexibility or otherwise alter the boilers' fundamental operating characteristics.

I declare under the penalty of perjury under the laws of the United States and the State of Michigan that the foregoing is true and correct. Executed at Holland, Michigan on March 15, 2011.

David G. Koster