IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SIERRA CLUB, )<br> )<br>          Plaintiff, )<br> )<br>     v. )<br> )<br>CITY OF HOLLAND, MICHIGAN, and )<br>HOLLAND BOARD OF PUBLIC WORKS )<br> )<br> )<br>          Defendants. )<br> ) | **Civil Action No. 1:08-cv-1183**<br>Paul L. Maloney<br>Chief U.S. District Judge |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN CONNECTION WITH MOTIONS FOR SUMMARY JUDGMENT

Defendants City of Holland and Holland Board of Public Works ("Holland") respectfully submit this notice of supplemental authority in support of their Cross-Motion for Partial Summary Judgment (Jan. 18, 2011) [Doc. #94], their Motion for Total Summary Judgment as to All PSD Claims (Mar. 15, 2011) [Doc. #111], and their Opposition to Plaintiff's Second Motion for Partial Summary Judgment (Jan. 18, 2011) [Doc. #95].[1] On August 21, 2013, the Third Circuit decided *United States v. EME Homer City Generation, L.P.*, Nos. 11-4406, 11-4407 & 11-4408, 2013 U.S. App. LEXIS 17477 (3d Cir. Aug. 21, 2013), attached hereto as Exhibit A. The Third Circuit is now the **fourth** circuit court to address application of the statute of

---

[1] As Holland recently noted in the Notice of Supplemental Authority regarding *United States v. Midwest Generation*, LLC, Nos. 12-1026 & 12-1051, 2013 U.S. App. LEXIS 13709 (7th Cir. July 8, 2013) [Doc. #221] filed on July 22, 2013, with one narrow exception, every pending Count of Sierra Club's Amended Complaint and every issue raised by any of the pending Summary Judgment Motions is resolved by plain-language enforcement of the federal five-year statute of limitations found at 28 U.S.C. § 2462. *See* Holland's Notice of Supplemental Auth. in Connection with Mots. for Summ. J. (July 22, 2013) [Doc. #221] at 1-2, n. 1.

limitations to new source review/PSD permitting requirements like the ones at bar, and the **fourth** circuit to hold that the Clean Air Act's ("CAA") PSD permit and BACT requirements are requirements applicable to construction or modification only and **not operation of a facility**. The Third Circuit closely examined the government's claims for civil penalties for alleged PSD violations and addressed the question "Does the PSD program prohibit *operating* a facility without BACT or a PSD permit?" *Id*. at *21 (emphasis added). The Third Circuit's answer: "***We agree with the unanimous view of the other courts of appeals that have addressed this question. The PSD program's plain text requires the answer be 'no.'***" *Id*. at *22 (emphasis added). These conclusions of the Third Circuit effectively rebut Plaintiff's arguments that "[t]he language of the PSD statute and regulations applies to operations as well as construction." Pl.'s Resp. in Opp. to Defs.' Cross Mot. for Part. Summ. J. at 11-14 [Doc.# 104].

In so holding, the Third Circuit examined the plain language of the CAA and its PSD regulations and clearly explained that neither the statute nor the regulations support the claim that obtaining a PSD permit or applying BACT is a condition of operations:

- The PSD program's enforcement provisions, including its citizen suit provisions, confirm that **operation** of a source without satisfying PSD requirements (including BACT) is **not** subject to enforcement. *Id*. at *25-29.[2]

- Obtaining a PSD permit is **not** a condition of operations. *Id*. at *31. Here, the Third Circuit referred to the Eighth Circuit's explanation in *Otter Tail Power Co.* that "[e]ven though the preconstruction permitting process may establish obligations which continue to govern a

---

[2] Here, the Third Circuit rejected EPA's argument that other CAA provisions turn the PSD requirements into operational conditions. Specifically, the Third Circuit found that Section 7604(a)(1), which authorizes citizen suits for violations of "an emission standard or limitation," and is defined to include "any requirement to obtain a permit as a condition of operations," "does **not** say that a PSD permit is, in fact, a condition of operations." *Id*. at 32-33 (emphasis added). *Contra* Pl.'s Resp. in Opp. to Defs.' Cross Motion for Part. Summ. J. at 11-14 [Doc.# 104].

facility's operation after construction, that does not necessarily mean that such parameters are enforceable independent of the permitting process." *Sierra Club v. Otter Tail Power Co.*, 615 F.3d 1008, 1017 (8th Cir. 2010). "In other words, just because the PSD program requires a source to obtain a permit that sets some operating conditions ***does not mean that the PSD program requires a source without a permit to comply with operating conditions***." *Id*. at \*30 (emphasis added).

- The requirement to apply BACT is "simply part of § 7475's prohibition on construction – ***not operation***." *Id*. at \*32 (emphasis added). This is evidenced by the language of CAA Section 7475(a)(4), which states that "[n]o major emitting facility . . . ***may be constructed*** . . . unless (4) the ***proposed*** facility is subject to the best available control technology for each [regulated] pollutant." *Id*. at \*31-32 (quoting § 7475(a)(4)) (emphasis added). As the Third Circuit noted, Section 7475(a)(4) expressly does **not** state "may be constructed ***or operated***." *Id*. at \*32. Further, the use of "proposed" makes clear that the provision does not apply after construction is completed. *Id*. at \*33-34 (further explaining that "a freestanding BACT requirement would not survive in the real world" because "[t]here is no statutory or regulatory provision (outside of some individual states' SIPs) for obtaining a BACT determination outside of the PSD permitting process").

Significantly, just like the Seventh, Eighth and Eleventh Circuits, the Third Circuit distinguished the Sixth Circuit's decision in *National Parks Conservation Association Inc. v. Tennessee Valley Authority*, 480 F.3d 410 (6th Cir. 2007), by concluding that the decision turned on "unique" language in the Tennessee SIP. Specifically, the Third Circuit stated:

> The Pennsylvania SIP's omission of any language imposing an operational duty to obtain an approved plan (or PSD permit) aligns this case with the Eighth and Eleventh Circuits' decisions, both of which refused to infer ongoing obligations from SIPs with similar language. *Otter Tail Power Co*., 615 F.3d at 1015; *Nat'l*

3

>    *Parks* 11th Cir., 502 F.3d at 1323–25.  That same omission distinguishes this case
>    from the Sixth Circuit's decision in *National Parks Conservation Association v.
>    Tennessee Valley Authority*, which interpreted the Tennessee SIP's **_unique_**
>    language as "establish[ing] that the duty to obtain a construction permit
>    containing the proper emissions limits is ongoing, even ***post***-construction." *Nat'l
>    Parks Conservation Ass'n v. Tenn. Valley Auth*., 480 F.3d 410, 419 (6th Cir.
>    2007); *see also Midwest Generation, LLC*, 720 F.3d at 64 ("[T]he [S]ixth
>    [C]ircuit's decision rests on **_Tennessee_** statutes and implementation plans that
>    require certain sources to ***use*** [BACT] . . . .").

*Id*. at *42 (emphasis in original except where underlined).

   The Third Circuit's decision also affirmed the district court's dismissal of the request for a permanent injunction against the plant.  *Id.* at *45-59.  Injunctive relief was **potentially** an issue in the *EME Homer City Generation* case because the plaintiff was the government.  In the case at bar, injunctive relief is not even potentially in play.  If this Court follows the decision of all of the circuit courts that have addressed new source review/PSD permitting requirements like the ones at bar and determines that the statute of limitations bars civil penalties, the concurrent remedy doctrine bars injunctive relief.  *See* Defs.' Reply in Supp. of Mot. for Total Summ. J. at 13-14 [Doc. #157].

   Finally, the Third Circuit also found that the district court lacked jurisdiction over the Title V claims.  *Id*. at *60-70.  EPA claimed a violation because the Title V permit lacked applicable PSD requirements and BACT controls, and that the Title V application was incomplete for the same reason.  *Id.* at *63.  The Third Circuit found, however, that EPA was required to object during the Title V permitting process if the agency believed the application or permit was deficient (which it failed to do).  *Id.* at *63-64.

   Plaintiff's attempt to dress up its PSD claims as Title V claims should be rejected for the same reason.  Plaintiff's only avenue for redress was to comment on and challenge the alleged failure of Holland's Title V permit to "address[] the PSD requirements triggered by" certain of Holland's projects during Holland's renewal of its Title V permit.  *See* Defs.' Reply in Supp. of

4

Mot. for Total Summ. J. at 11-12 [Doc. #157].  As found by the Third Circuit, however, those challenges must necessarily have been brought during the Title V permit process, not belatedly, and to a court without jurisdiction over such a claim, as Plaintiff seeks to do here.[3]

For these reasons and those stated in Holland's briefs in support of its Motions referenced above, Holland respectfully requests that the Court consider the Third Circuit's August 21, 2013 opinion in *EME Homer City Generation* and grant Holland's pending motions for summary judgment with respect to the effect of the five-year statute of limitations in barring all but one Count of Plaintiff's Amended Complaint.

Dated:  August 28, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　  s/ Andrea M. Hogan
　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendants

　　　　　　　　　　　　　　　　　　　　Charles M. Denton
　　　　　　　　　　　　　　　　　　　　BARNES & THORNBURG LLP
　　　　　　　　　　　　　　　　　　　　171 Monroe Avenue, NW, Suite 1000
　　　　　　　　　　　　　　　　　　　　Grand Rapids, MI 49503
　　　　　　　　　　　　　　　　　　　　Telephone: (616) 742-3974
　　　　　　　　　　　　　　　　　　　　Email: charles.denton@btlaw.com
　　　　　　　　　　　　　　　　　　　　Atty. #: P33269

　　　　　　　　　　　　　　　　　　　　Cary R. Perlman
　　　　　　　　　　　　　　　　　　　　Karl A. Karg
　　　　　　　　　　　　　　　　　　　　Andrea M. Hogan
　　　　　　　　　　　　　　　　　　　　Margrethe K. Kearney
　　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　　233 South Wacker Drive, Ste. 5800
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 876-7700
　　　　　　　　　　　　　　　　　　　　Email: cary.perlman@lw.com
　　　　　　　　　　　　　　　　　　　　　　　　karl.karg@lw.com
　　　　　　　　　　　　　　　　　　　　　　　　andrea.hogan@lw.com
　　　　　　　　　　　　　　　　　　　　　　　　margrethe.kearney@lw.com

---

[3] While the Third Circuit's decision addressed the requirement that EPA object to an application or permit provisions during the permitting process, the reasoning applies equally to Plaintiff here, who under 42 U.S.C. § 7661d(b)(2) could have commented on and/or challenged Holland's Title V permit during the permitting process.