UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SIERRA CLUB, )<br>        Plaintiff, )<br>)<br>-v- )<br>)<br>CITY OF HOLLAND, MICHIGAN, and )<br>HOLLAND BOARD OF PUBLIC WORKS, )<br>        Defendants. )<br>_____) | No. 1:08-cv-1183<br><br>HONORABLE PAUL L. MALONEY |

## **ORDER GRANTING DEFENDANTS' MOTION TO JOIN RELATED CASES FOR TRIAL**

Plaintiff Sierra Club filed two cases against the City of Holland and the Board of Public Works, both relating to the operation and maintenance of the local power plant. *See Sierra Club v. City of Holland*, No. 1:08-cv-1183 (W.D. Mich.) *and Sierra Club v. City of Holland*, No. 1:11-cv-71 (W.D. Mich.). The cases were deemed related and the later filed case was reassigned to me.

Defendants City of Holland and the Board of Public Works have moved to join the two cases for trial. (ECF No. 223.) Plaintiff Sierra Club agrees that there exists a sound basis for consolidating the two cases for trial. (ECF No. 225.) The motion and response have been filed in both cases. The Court concludes the two cases should be consolidated for trial.

Rule 42(a)(1) of the Federal Rules of Civil Procedure authorizes the joining of cases for trial when the two cases involve common questions of law or fact. The decision to join cases under Rule 42(a) falls within the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Among the factors a court must consider are the risks of prejudice and confusion, the risks of inconsistent determinations of common factual and legal issues, the burden on the parties, witnesses and the court's resources, the length of time required to resolve the suits either singly or collectively, and the expense to all involved of several trials as compared to a single trial. *Id.*

(quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). The parties agree the potential exists for inconsistent remedies. The parties also agree that the witnesses for both trials will be the same, a joint trial would be more economical for them, and that a joint trial would be the best use of judicial resources.

The Court also concludes that the liability phase and the damages phase of the consolidated trial should be bifurcated. In its response to the motion, Plaintiff Sierra Club argues that the liability issues should be resolved separately from any damages. (ECF No. 225) Bifurcation of issues into separate trials is authorized by Rule 42(b). The decision to conduct separate trials of one or more separate issues falls within the trial court's discretion. *Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 481 (6th Cir. 2007). Both cases will be conducted as a bench trial. Many of the liability questions raised in both cases will likely require expert testimony. By determining liability first, the parties could engage in constructive settlement discussions, which may eliminate the need for a trial over damages. Should a settlement occur after the determination of liability, the cost savings to the parties and the court's resources would be significant. Even if the parties do not reach a settlement, the elimination of any claim at the liability stage would minimize the expenses associated with a later trial on damages. *See Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997) (holding that a court must consider the potential prejudice to the parties, as well as the convenience and economy, before deciding to bifurcate a trial).

In order to schedule the two-stage trial, the Court needs information from the parties. Between the two cases, there are currently pending some thirteen dispositive motions. Those thirteen motions will not be resolved by the end of October, when the trial for the later-filed case is currently scheduled. Therefore, that trial date will be cancelled in an order filed in the 2011 case.

Assuming that the dispositive motions do not eliminate any issues, the parties shall file a joint statement identifying the number of days each party believes it will need to present its case to the Court. The parties should estimate the number of days needed for the liability phase of the joint trial and the damages phase of the joint trial, again assuming no issues are resolved by the pending dispositive motions.

Therefore, it is **HEREBY ORDERED** that:

(1) Defendants' motion to join two related cases for trial (ECF No. 223) is **GRANTED;**

(2) Plaintiff's request that the joint trial be bifurcated into a liability phase and a damages phase (ECF No. 225) is **GRANTED;**

(3) The parties **SHALL FILE** a joint statement identifying the number of days each believes will be necessary for each phase of the trial. The joint statement shall be filed within twenty-one (21) days of the date of this Order.

Date:   September 4, 2013                           /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge