UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIERRA CLUB,

        Plaintiff,

v.

CITY OF HOLLAND, et al.,

        Defendants.
_____/

Case No. 1:08-cv-1183 and 1:11-cv-71

HONORABLE PAUL L. MALONEY

## AMENDED CASE MANAGEMENT ORDER

By previous order of the court (ECF No. 230 in 1:08cv1183 and ECF No. 121 in 1:11cv71), these two related case are joined for trial, but the trial will be bifurcated into a liability phase and a damages phase.  Accordingly,

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Liability Phase of Trial Date and Time: | AUGUST 25, 2014<br>8:45 a.m. |
| Damages Phase of Trial Date and Time: | OCTOBER 7, 2014<br>8:45 a.m. |
| Before:   Chief Judge Paul L. Maloney | 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan |
| Jury or Non Jury | Non-Jury |
| Estimated Length of Trial | 11 days (liability phase)<br>6 days (damages phase) |
| Settlement Conference | None at this time |
| Final Pretrial Conference              Date:<br>Before Chief Judge Paul L. Maloney    Time: | AUGUST 4, 2014<br>9:00 a.m. |
| ADR To Take Place On Or Before: | See ¶ 6 |

1.     <u>TRIAL DATE AND SETTING</u>: This case is scheduled for trial before the Honorable Paul L. Maloney, 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan, as set forth above.

2. JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS: This deadline has passed.

3. DISCLOSURES AND EXCHANGES: This deadline has passed.

4. DISCOVERY: This deadline has passed.

5. MOTIONS:

   a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

   b. The deadline for filing dispositive motions has passed. The case manager will notify counsel of the date for oral argument, if to be held.

   c. The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

6. ALTERNATIVE DISPUTE RESOLUTION: This case was previously submitted to Voluntary Facilitative Mediation.

7. SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations. No settlement conference has been scheduled at this time.

8. FINAL PRETRIAL CONFERENCE: A final pretrial conference is scheduled at the date and time set forth above.

9. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) business days** prior to the final pretrial conference in the following form:

   A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:

   (List the counsel who will attend the pretrial conference.)

   1. Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

   (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number. Plaintiff shall use numbers; defendant shall use letters. Indicate with respect to each exhibit whether and for what reason its admissibility is challenged. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial.

    Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)

2. <u>Uncontroverted Facts</u>: The parties have agreed that the following may be accepted as established facts:

    (State in detail all uncontroverted facts.)

3. <u>Controverted Facts and Unresolved Issues</u>:   The factual issues remaining to be determined and issues of law for the Court's determination are:

    (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. <u>Witnesses</u>:

    A. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

    (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    B. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

    (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

    It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

>All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:
>
>(Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party.  Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

>(Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action.  Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall be accompanied by a representative of the party with full settlement authority.

11. PREPARATION FOR TRIAL: Trial briefs and Proposed Findings of Fact and Conclusions of Law shall be submitted to the Judge **three (3) business days** prior to the trial date.


Dated:  September 26, 2013          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge