IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SIERRA CLUB,   )
               )
     Plaintiff, )
               )      Civil Action No. 1:08-cv-1183
vs.            )      Paul L. Maloney
               )      Chief U.S. District Judge
CITY OF HOLLAND and )
HOLLAND BOARD OF )
PUBLIC WORKS   )
       Defendants. )

SIERRA CLUB,   )
               )
     Plaintiff, )
               )
vs.            )
               )      Civil Action No. 1:11-cv-00071
CITY OF HOLLAND, )    Paul L. Maloney
MICHIGAN and HOLLAND ) Chief U.S. District Judge
BOARD OF PUBLIC WORKS, )
               )
       Defendants. )
               )

## CONSENT DECREE

Date lodged in Court:     Janaury 9, 2014

Date entered by Court:     March 14, 2014

# CONSENT DECREE

WHEREAS, Sierra Club ("Plaintiff") brought these actions against the City of Holland and the Holland Board of Public Works (together herein as "HBPW" or "Defendants") (collectively, the "Parties") pursuant to Sections 304 of the Clean Air Act (the "Act"), 42 U.S.C. § 7604, for declaratory and injunctive relief and assessment of civil penalties for certain alleged violations of the Act, its implementing regulations and terms of certain permits issued under the Act at HBPW's James De Young Power Plant in Holland, Michigan ("JDY Plant");

WHEREAS, Plaintiff and HBPW agree that the settlement of this action through this Decree without litigation is in the public interest, and is a fair, reasonable, and appropriate means of resolving the matter;

WHEREAS, HBPW has denied and continues to deny the allegations in the complaints filed in these actions, maintains that it has been and remains in compliance with the Act and is not liable for civil penalties or injunctive relief, and nothing herein shall constitute an admission of liability;

WHEREAS, the Parties desire to settle all matters by Consent Decree and avoid the costs, delay, and uncertainty of litigation;

WHEREAS, the Parties have provided a draft copy of this Decree to the United States, pursuant to 42 U.S.C. § 7604(c)(3), the United States has been provided an opportunity to comment to the Parties; and

WHEREAS, the Parties consent to the entry of this Decree without trial of any issues;

NOW, THEREFORE, without any admission of fact or law and without any admission of the allegations in the Complaint, it is hereby ORDERED AND DECREED as follows:

## I. JURISDICTION, VENUE, AND APPLICABILITY

1. This Court has jurisdiction over the Parties to and the subject matter of this action under Section 304 of the Act, 42 U.S.C. § 7604 and under 28 U.S.C. §§ 1331 and 1355.

2. Venue is proper in this Judicial District under Section 304(c) of the Act, 42 U.S.C. § 7604(c), and under 28 U.S.C. §§ 1391 and 1395.

3. Upon the Date of Entry, the provisions of this Decree shall apply to, be binding upon, and inure to the benefit of the Plaintiff, as well as Plaintiff's successors and assigns, and HBPW, as well as HBPW's successors and assigns.

4. The Parties consent to entry of this Decree without further notice.

## II. DEFINITIONS

5. Unless otherwise expressly provided herein, terms used in this Decree that are defined in the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, or regulations implementing the Clean Air Act, shall have the meaning set forth in the Clean Air Act or those regulations.

6. Whenever the terms set forth below are used in this Decree, the following definitions shall apply:

(a) "Clean Air Act" shall mean the Clean Air Act, 42 U.S.C. §§ 7401–7671q, and regulations promulgated thereunder.

(b) "Date of Entry" shall mean the date this Decree is approved or signed by the United States District Court Judge.

(c) "Date of Lodging" shall mean the date this Decree is filed for lodging with the Clerk of the Court for the United States District Court for the Western District of Michigan.

(d) "Day" shall mean, unless otherwise specified, calendar day.

(e) "Decree" shall mean this Decree, and any written modifications of this Decree.

(f) "EPA" shall mean the United States Environmental Protection Agency.

(g) "Parties" shall have the meaning set forth in the recitals.

(h) "Permanently Cease Combustion of any Solid Fossil Fuel" means to permanently (i) shut down a Unit such that the Unit cannot physically or legally burn any fuel; or (ii) generate electricity at the Unit solely through the combustion of a fuel other than a Solid Fossil Fuel.

(i) "Solid Fossil Fuel" means a hydrocarbon fuel that is solid at standard temperature and pressure and that is a formed or comprised of matter that was last living during a previous geologic time, or any derivatives thereof, regardless of whether any such derivative is solid at standard temperature and pressure (e.g., gasified coal). This includes, but is not limited to coal,

4

petroleum coke, and tire derived fuel, but does not include biomass or other non-fossilized fuels.

(i) "Term" of the Decree shall mean the period of time between the Date of Lodging and the date the Decree is terminated in accordance with Section XI (Termination).

(j) For each boiler at the JDY Plant, "Unit" means collectively, the coal pulverizer, stationary equipment that feeds coal to the boiler, the boiler that produces steam for the steam turbine, the steam turbine, the generator, the equipment necessary to operate the generator, steam turbine, and boiler, and all ancillary equipment, including pollution control equipment.

### III. ACTIONS OF THE PARTIES

7. On or before a date that is 30 Days from the Date of Entry of this Decree, HBPW shall terminate or cause the State of Michigan to terminate the Permit to Install MDEQ#25-07 that provides for construction of Unit 10 at the JDY Plant, and any extensions to that permit that may have been granted by the State of Michigan.

8. On or before April 15, 2016, HBPW shall Permanently Cease Combustion of any Solid Fossil Fuel in the boiler of JDY Plant Unit 5 and shall not, thereafter, burn any Solid Fossil Fuel in JDY Plant Unit 5. Emission reductions that result from actions to be taken by HBPW to comply with this paragraph shall not be considered as a creditable contemporaneous emission decrease for the purpose of netting or obtaining a credit or offset to apply for or comply with any Nonattainment New Source Review and/or

5

Prevention of Significant Deterioration permit for any new Solid Fossil Fuel burning emission units at the JDY Plant. Notwithstanding termination of this Decree pursuant to paragraph 22, the requirements of this paragraph are permanent and shall survive termination of this Decree.

9. On or before January 1, 2024, HBPW shall Permanently Cease Combustion of any Solid Fossil Fuel in the boiler of JDY Plant Units 3 and 4 and shall not, thereafter, burn any Solid Fossil Fuel at the JDY Plant. Emission reductions that result from actions to be taken by HBPW to comply with this paragraph shall not be considered as a creditable contemporaneous emission decrease for the purpose of netting or obtaining a credit or offset to apply for or comply with any Nonattainment New Source Review and/or Prevention of Significant Deterioration permit for any new Solid Fossil Fuel burning emission units at the JDY Plant. Notwithstanding termination of this Consent Decree pursuant to paragraph 22, the requirements of this paragraph are permanent and shall survive termination of this Consent Decree.

10. Beginning on January 1, 2020, and continuing through December 31, 2023, Holland shall not burn any amount of coal in the boiler of Unit 3 of the JDY Plant for more than 183 Days in any calendar year or in the boiler of Unit 4 of the JDY Plant for more than 183 Days in any calendar year.

11. With respect to any permit or permit revision consistent with HBPW's obligations to comply with the requirements of Paragraphs 7 through 10, above, Plaintiff shall not file a legal challenge, or submit written comments challenging such permit or

revision. Nor shall Plaintiff file written comments or file a legal challenge before any administrative adjudicatory or judicial body in any proceeding for the renewal or revision of any Clean Air Act permits issued to the JDY Plant during the term of this Decree and which are consistent with the terms of this Decree.

## IV. NOTIFICATIONS AND RECORDKEEPING

12. All notifications, submittals, reports, and other information required by this Decree shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Party in writing.

<u>For the Plaintiff:</u>

David C. Bender
McGillivray Westerberg & Bender LLC
211 S. Paterson St., Suite 320
Madison, Wisconsin 53703
(608) 310-3560
bender@mwbattorneys.com

Lester A. Pines
Cullen Weston Pines & Bach LLP
122 West Washington Avenue, Ste 900
Madison, WI 53703
(608) 251-0101
pines@cwpb.com

Coordinating Attorney, Environmental Law Program
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
(415) 977-5680

For HBPW:

Karl A. Karg
Latham & Watkins LLP
233 South Wacker Drive, Ste 5800
Chicago, IL 60606
(312) 876-7691
Karl.karg@lw.com

Andrew J. Mulder
Cunningham Dalman PC
321 Settlers Road
Holland, MI 49422-1767
(616) 392-1821
amulder@holland-law.com

David Koster
General Manager
Holland Board of Public Works
625 Hastings Avenue
Holland, MI 49423
(616) 355-1562
dgkoster@hollandbpw.com

## V. EFFECT OF SETTLEMENT

13. This Decree represents full and final settlement between the Parties and resolves by way of release and settlement any and all civil claims, causes of action, demands, actions and/or rights of action, of whatever kind or nature, known or unknown, asserted or unasserted, that Plaintiff may have in any forum against HBPW pursuant to the Clean Air Act and any implementing regulations, including the Michigan State Implementation Plan, arising out of any actions, omissions, operations, emissions, or modifications commenced prior to the Date of Lodging of this Decree at

8

the JDY Plant. This release and settlement shall survive termination of this Decree as an agreement between the Parties.

14. Except as expressly stated herein, the Plaintiff and HBPW each reserve all legal and equitable remedies available to enforce the provisions of this Decree and for any claims arising after the effective date of this Decree, except as otherwise provided herein, and each party reserves all rights to defend against any such efforts.

15. If either Party believes that the other Party or Parties failed to comply with any provision of this Decree: (i) the Party claiming a breach shall provide the other Parties with written notice of the alleged breach, (ii) within 30 days, the alleged breaching Party or Parties shall cure such breach by promptly taking all necessary steps, and (iii) the Parties' sole remedy for any breach shall be specific performance and no Party shall be entitled to an award of any damages.

16. The failure of any Party to comply with any requirement contained in this Decree will not excuse the obligation to comply with other requirements contained herein.

## VI. COMPLIANCE WITH OTHER LAWS

17. This Decree is not a permit, and it does not relieve HBPW of its responsibility to comply fully with all federal, state, and local laws and regulations, Orders of this Court, and provisions of the Michigan State Implementation Plan, including any modifications or revisions thereto, that may be applicable.

## VII. ATTORNEYS FEES AND COSTS

18. HBPW shall pay $450,000.00 to Sierra Club as actual attorneys' fees and litigation costs associated with these actions and development and entry of this Decree on a schedule and in the amounts agreed to between the Parties in a contemporaneous Settlement Agreement. Plaintiff hereby waives and releases any further right or claim to attorney's fees or costs under any applicable law against HBPW incurred as of and through the Date of Entry of this Consent Decree.

## VIII. MODIFICATION

19. Material modifications of this Decree must be in writing, signed by the Parties, and approved by this Court. No Party may petition this Court for a modification without having first made a good-faith effort to reach agreement with the other Parties on the terms of such modification. Non-material modifications to this Decree may be made only upon written agreement of the Parties and shall be filed with the Court.

## IX. RETENTION OF JURISDICTION

20. Until termination of this Decree, this Court shall retain jurisdiction over both the subject matter of this Decree and the Parties to this Decree to enforce the terms and conditions of this Decree. Following termination, the Court shall retain jurisdiction to enforce the permanent provisions and obligations set forth herein.

## X. ENFORCEMENT

21. Enforcement of this Decree shall be undertaken exclusively by the U.S. District Court for the Western District of Michigan. The parties agree that specific

performance is the appropriate and sole and exclusive remedy in the case of any breach determined by the Court. No other tribunal shall have jurisdiction over enforcement of this Decree, except through a direct appeal provided by law from the orders of this Court. Either party may petition the Court to enforce the Decree if it believes such action is necessary.

## XI.  TERMINATION

22.  This Decree shall automatically terminate on the earlier of January 1, 2024, or the date on which HBPW has permanently ceased combustion of Solid Fossil Fuel in the boilers of JDY Plant Units 3, 4 and 5. However, if Plaintiff disputes that HBPW has fulfilled its obligations under this Decree, Plaintiff shall file a written notice to HBPW setting forth the specific allegations of non-performance no less than sixty (60) days prior to the Termination date, which shall toll the termination of the provisions of the Consent Decree which are alleged to have been breached, until the alleged non-performance is resolved pursuant to Paragraphs 15 and 21 of this Decree. Termination of this Decree shall not affect any matter expressly set forth in this Decree that is to survive as an agreement between the Parties.

## XII.  LODGING AND ENTRY OF DECREE

23.  The Parties agree to cooperate in good faith in order to obtain the Court's review and entry of this Decree.

24.  Pursuant to 42 U.S.C. § 7604(c)(3), this Decree will be lodged with the Court and simultaneously presented to the United States for its review and comment for

a period of 45 days. After the review period has elapsed, the Decree may be entered by the Court. If the Decree is not entered by the Court, the Parties shall retain all rights they had in the underlying litigation before the Date of Lodging.

25. The Parties agree to cooperate in good faith in order to expeditiously obtain EPA and United States Attorney General (Department of Justice, or "DOJ") review and District Court approval. In the event that DOJ or EPA comments upon the terms of this Decree, the Parties agree to discuss such comments and any revisions to the Decree as may be appropriate.

## XIII.  SIGNATORIES

26. Each undersigned representative of a Party to this Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such Party to this Decree.

## XIV.  COUNTERPARTS

28. This Decree may be signed in counterparts.

THE UNDERSIGNED Parties enter into this Decree and submit it to this Court for approval and entry.

SO ORDERED:

Date: March 14, 2014        /s/   Paul L. Maloney
                            UNITED STATES DISTRICT JUDGE

**For Plaintiff Sierra Club:**

_____ Date: 1/1/14
Bruce Nilles
Senior Director, Beyond Coal Campaign
Sierra Club
85 Second Street
San Francisco, CA 94105


As to form:

_____ Date: 1/9/14
David C. Bender
McGillivray Westerberg & Bender LLC
211 S. Paterson St., Suite 320
Madison, Wisconsin 53703

**For Defendants City of Holland and Holland Board of Public Works:**

_____ Date: 12-20-13
Mayor Kurt Dykstra
City of Holland Michigan & the Holland Board of Public Works
625 Hastings Avenue
Holland, MI 49423

_____ Date: 12-20-13
Deputy City Clerk
City of Holland Michigan & the Holland Board of Public Works
625 Hastings Avenue
Holland, MI 49423

As to form: _____  Date: 12-26-13
Karl A. Karg
Latham & Watkins, LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606

14